# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# Wheeling

**NORMAN BLACKWELL,**

        Petitioner,

v.                                          **Civil Action No. 5:24-CV-3**
                                                                    Judge Bailey

**HEATHER RAY,** Warden**,**

        Respondent.

## REPORT AND RECOMMENDATION

### I. Introduction

On January 8, 2024, the *pro se* petitioner, Norman Blackwell ("petitioner"), filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241. [Doc. 1]. Petitioner is a federal inmate housed at FCI Hazelton in Bruceton Mills, West Virginia, and is challenging the Bureau of Prisons' ("BOP") calculation of his sentence. On February 15, 2024, the respondent filed a Motion to Dismiss, or in the Alternative, for Summary Judgment. [Doc. 14]. On March 6, 2024, petitioner filed a response to the Motion. [Doc. 17]. This matter is assigned to the Honorable John Preston Bailey, United States District Judge, and is referred to the undersigned United States Magistrate Judge to make proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B). For the reasons that follow, the undersigned recommends that the motion to dismiss be granted and this case be dismissed without prejudice.

1

## II. Factual and Procedural History[1]

### A.     Conviction and Sentence

On June 17, 2017, an Indictment was filed in the Western District of Pennsylvania charging petitioner with conspiracy to distribute and possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, in violation of 21 U.S.C. § 846.  On October 16, 2018, petitioner pleaded guilty, pursuant to a plea agreement.  On March 14, 2019, petitioner was sentenced to 216 months imprisonment, to be served concurrent with a state sentence, Docket No: CP 7623-2015.  Petitioner did not file an appeal.

### B.     § 2255 Petition

On February 17, 2021, petitioner filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  In the petition, petitioner brought claims of ineffective assistance of counsel.  The district court denied the Motion, finding that it was barred by the statute of limitations and was without merit.

### C.     The Instant Petition

In his petition, petitioner challenges the BOP's calculation of his sentence, claiming that the BOP has unlawfully denied him credit for time served while in federal pretrial custody between June 26, 2017, and March 14, 2019.  He states that his state sentence

---

[1] The information in this section is taken from the petitioner's criminal docket available on PACER.  See **United States v. Blackwell et al**, 2:17-CR-142-NBF-1 (W.D. Pa. 2017. **Philips v. Pitt Cnty. Mem. Hosp.**, 572 F. 3d 176, 180 (4th Cir. 2009) (courts "may properly take judicial notice of public record); **Colonial Penn. Ins. Co. v. Coil**, 887 F.2d 1236, 21239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the contents of court records.'").

.

from the State of Pennsylvania was ordered to run concurrently with his federal sentence, with all time spent in pretrial custody to be credited to his sentence.  For relief, petitioner asks that this Court recalculate his sentence.

On February 15, 2024, respondent filed a Motion to Dismiss, or in the Alternative, for Summary Judgment.  [Doc. 14].  In the memorandum in support, respondent argues that petitioner is unable to receive credit for the period from June 26, 2017, to March 14, 2019, because this period was already credited toward another sentence.

### III.  Legal Standard

**A.    Motion to Dismiss for Lack of Subject Matter Jurisdiction**

A party may move to dismiss an action for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1).  The burden of proving subject matter jurisdiction on a Rule 12(b)(1) motion to dismiss is on the party asserting federal jurisdiction.  A trial court may consider evidence by affidavit, deposition, or live testimony without converting the proceeding to one for summary judgment.  ***Adams v. Bain***, 697 F.2d 1213, 1219 (4th Cir. 1982); ***Mims v. Kemp***, 516 F.2d 21 (4th Cir. 1975).  Because the court's very power to hear the case is at issue in a Rule 12(b)(1) motion, the trial court is free to weigh the evidence to determine the existence of its jurisdiction.  No presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims.  See ***Materson v. Stokes***, 166 F.R.D. 368, 371 (E.D. Va. 1996).  Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.  See Fed. R. Civ. P. 12(h)(3).

**B.     Motion to Dismiss for Failure to State a Claim**

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is plausible on its face.' ***Bell Atl. Corp. v. Twombly***, 550 U.S. 554, 570 (2007) (emphasis added)." ***Giarratano v. Johnson***, 521 F.3d 298, 302 (4th Cir. 2008). When reviewing a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must assume all of the allegations to be true, must resolve all doubts and inferences in favor of the plaintiffs, and must view the allegations in a light most favorable to the plaintiffs. ***Edwards v. City of Goldsboro***, 178 F.3d 231, 243–44 (4th Cir. 1999).

When rendering its decision, the Court should consider only the allegations contained in the Complaint, the exhibits to the Complaint, matters of public record, and other similar materials that are subject to judicial notice. ***Anheuser-Busch, Inc. v. Schmoke***, 63 F.3d 1305, 1312 (4th Cir. 1995).  In ***Twombly***, the Supreme Court, noting that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do," Id. at 555, upheld the dismissal of a complaint where the plaintiffs did not "nudge[ ] their claims across the line from conceivable to plausible." ***Id***. at 570.

This Court is well aware that "[m]atters outside of the pleadings are generally not considered in ruling on a Rule 12 Motion." ***Williams v. Branker***, 462 F. App'x 348, 352 (4th Cir. 2012).  "Ordinarily, a court may not consider any documents that are outside of the Complaint, or not expressly incorporated therein, unless the motion is converted into one for summary judgment." ***Witthohn v. Fed. Ins. Co.***, 164 F. App'x 395, 396 (4th Cir.

2006). However, the Court may rely on extrinsic evidence if the documents are central to a plaintiff's claim or are sufficiently referred to in the Complaint. *Id*. at 396–97.

**C.      Motion for Summary Judgment**

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see* ***Celotex Corp. v. Catrett***, 477 U.S. 317, 322 (1986). A genuine issue exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." ***Anderson v. Liberty Lobby, Inc.***, 477 U.S. 242, 248 (1986). Thus, the Court must conduct "the threshold inquiry of determining whether there is the need for a trial – whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." ***Anderson***, 477 U.S. at 250.

Additionally, the party opposing summary judgment "must do more than simply show that there is some metaphysical doubt as to the material facts*.*" ***Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.***, 475 U.S. 574, 586 (1986). That is, once the movant has met its burden to show absence of material fact, the party opposing summary judgment must then come forward with affidavits or other evidence demonstrating there is indeed a genuine issue for trial. Fed. R. Civ. P. 56(c); ***Celotex Corp.***, 477 U.S. at 323–25; ***Anderson***, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." ***Anderson***, 477 U.S. at 249 (citations omitted).

Finally, this Court notes that pro se allegations are held to a less stringent standard than those drafted by lawyers and must be liberally construed. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Hudspeth v. Figgins**, 584 F.2d 1345, 1347 (4th Cir. 1978).

## IV. Discussion

The undersigned finds that the petition should be dismissed with prejudice because the time period for which petitioner seeks credit has already been credited toward his state sentence. The calculation of credit for time spent in prior custody is set forth in 18 U.S.C. § 3585:

> Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
> that has not been credited against another sentence.

18 U.S.C. § 3585(b).

Here, as set forth in respondent's memorandum and exhibits, petitioner was sentenced in his Allegheny County case on March 27, 2017. Then, on June 26, 2017, he was transferred to the custody of the United States Marshals Service pursuant to a Writ of Habeas Corpus ad Prosequendum for the purposes of facing his federal charges. On March 14, 2019, he was sentenced by the Western District of Pennsylvania. Petitioner contends that he is entitled to credit towards his federal sentence for the period from being transferred into federal custody until his federal sentence began. However, during that period, petitioner was already serving his state sentence and was receiving credit for that period. Thus, under 18 U.S.C. § 3585(b), this time cannot be credited toward his federal sentence.

On March 6, 2024, petitioner filed a response to the Motion to Dismiss. [Doc. 17]. Petitioner argues that the Bureau of Prisons must consider his request as one for a *nunc pro tunc* designation. Under 18 U.S.C. § 3621(b), the BOP can make a *nunc pro tunc* designation, allowing the BOP to designate a state facility as the place of imprisonment for a federal prisoner. However, petitioner would be ineligible for such a designation for time in custody *prior* to sentencing. *See, e.g.*, **Davis v. Antonelli**, No. CV 6:18-1275-HMH-KFM, 2018 WL 5724122, at n. 4 (D.S.C. Oct. 4, 2018), *report and recommendation adopted*, No. CV 6:18-1275-HMH-KFM, 2018 WL 5719055 (D.S.C. Nov. 1, 2018), aff'd, 749 F. App'x 199 (4th Cir. 2019) ("To the extent the petitioner is arguing he is entitled to a *nunc pro tunc* designation—a designation in which the state facility is designated as the facility at which his federal sentence may commence—he is ineligible for such a designation as a federal sentence cannot commence on a date prior to sentencing."); **United States v. Evans**, 159 F.3d 908, 912 (4th Cir. 1998) ("A federal sentence does not begin to run, however, when a prisoner in state custody is produced for prosecution in federal court pursuant to a federal writ of habeas corpus ad prosequendum."); **Pierce v. Holder**, 614 F.3d 158, 160 (5th Cir. 2010) (BOP may consider *nunc pro tunc* designation "[w]here a federal sentence was imposed before a state sentence.").

### V. Recommendation

For the foregoing reasons, it is hereby recommended that the Motion to Dismiss [**Doc. 14**] be **GRANTED** and the petition be **DENIED** and **DISMISSED WITH PREJUDICE**. Further, the undersigned recommends that the pending Second Motion for Leave to Proceed *in forma pauperis* [**Doc. 11**] be **DENIED AS MOOT**.

Within fourteen (14) days after being served with a copy of this report and

recommendation, the petitioner may file with the Clerk of Court **specific written objections identifying those portions of the recommendation to which objection is made and the basis for such objections**. A copy of any objections shall also be submitted to the United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitations, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.** *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).

The Clerk is **DIRECTED** to send a copy of this Report and Recommendation to the Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket. In addition, because this Report and Recommendation completes the referral from the District Court, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

**DATED**: March 14, 2024.

*/s/ James P. Mazzone*
JAMES P. MAZZONE
UNITED STATES MAGISTRATE JUDGE