IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
Wheeling

**NORMAL BLACKWELL,**

        Petitioner,

v.                                           **CIVIL ACTION No. 5:24-CV-3**
                                                Judge Bailey

**HEATHER RAY,** Warden,

        Respondent.

## ORDER

The above-styled matter came before this Court for consideration of the Report and Recommendation of United States Magistrate Judge Mazzone [Doc. 18]. Pursuant to this Court's Local Rules, this action was referred to Magistrate Judge Mazzone for submission of a proposed report and a recommendation ("R&R"). Magistrate Judge Mazzone filed his R&R on March 14, 2024, wherein he recommends that the Petition be denied and dismissed with prejudice and the Motion to Dismiss be granted. For the reasons that follow, this Court will adopt the R&R.

### I. BACKGROUND/PROCEDURAL HISTORY[1] & STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the

---

[1] This Court fully adopts and incorporates herein the "Factual and Procedural History" section of the R&R. *See* [Doc. 18 at 2–3].

1

factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). Nor is this Court required to conduct a *de novo* review when the party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982).

In addition, failure to file timely objections constitutes a waiver of *de novo* review and the right to appeal this Court's Order. 28 U.S.C. § 636(b)(1); **Snyder v. Ridenour**, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). *Pro se* filings must be liberally construed and held to a less stringent standard than those drafted by licensed attorneys, however, courts are not required to create objections where none exist. **Haines v. Kerner**, 404 U.S. 519, 520 (1972); **Gordon v. Leeke**, 574 F.2d 1147, 1151 (4th Cir. 1971).

Here, objections to Magistrate Judge Mazzone's R&R were due within fourteen (14) days of receipt, pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure. Petitioner timely filed his response/objections to R&R [Doc. 20] on March 28, 2024. Accordingly, this Court will review the portions of the R&R to which objection was filed under a *de novo* standard of review. The remainder of the R&R will be reviewed for clear error.

## II. DISCUSSION

In the R&R, Magistrate Judge Mazzone found that the petition should be dismissed with prejudice because the time period for which petitioner seeks credit has already been credited toward his state sentence. See [Doc. 18 at 6–7].

In his objections, petitioner advances the same arguments he presented in his Response in opposition to respondent's Motion to Dismiss. More specifically, petitioner requests this Court "to take judicial notice of the fact that the Federal Bureau of Prisons has abused its discretion when committing an oversight to its statutory authority imposed to issuance of Nunc Pro Tunc designation of the State Sentence to run concurrently to the Federal sentence as place of confinement." See [Doc. 20 at 1]; see also [Doc. 17].

"When a party does make objections, but these objections are so general or conclusory that they fail to direct the district court to any specific error by the magistrate judge, de novo review is unnecessary." **Green v. Rubenstein**, 644 F.Supp.3d 723, 730 (S.D. W.Va. 2009) (citing **Orpiano v. Johnson**, 687 F.2d 44, 47 (4th Cir. 1982)). "When only a general objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a clear error review." **Williams v. New York State Div. of Parole**, 2012 WL 2873569, at *2 (N.D.N.Y. July 12, 2012).

A party waives any objection to an R&R that lacks adequate specificity. See **Mario v. P & C Food Markets, Inc.**, 313 F.3d 758, 766 (2d Cir. 2002) (finding that a party's objections to the magistrate judge's R&R were not specific enough to preserve the claim for review). Bare statements "devoid of any reference to specific findings or

recommendation . . . and unsupported by legal authority, [are] not sufficient." **Mario**, 313 F.3d at 766. Pursuant to the Federal Rules of Civil Procedure and this Court's Local Rules, "referring the court to previously filed papers or arguments does not constitute an adequate objection." **Id**.; see also Fed. R. Civ. P. 72(b); LR PL P 12.

Petitioner does not direct this Court to any specific error made by Magistrate Judge Mazzone. Petitioner simply advances the same arguments he presented before. Thus, de novo review is unnecessary. See **Green**, 644 F.Supp.3d at 730 (citing **Orpiano**, 687 F.2d at 47 (4th Cir. 1982)).

Even if petitioner made specific objections to warrant a de novo review, this Court agrees with Magistrate Judge Mazzone that the time period for which petitioner seeks credit has already been credited toward his state sentence. The calculation of credit for time spent in prior custody is set forth in 18 U.S.C. § 3585:

> Credit for prior custody.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>
> (1) as a result of the offense for which the sentence was imposed; or
>
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). As explained by Magistrate Judge Mazzone, petitioner was sentenced in his Allegheny County case on March 27, 2017. Then, on June 26, 2017, he was transferred to the custody of the United States Marshals Service pursuant to a Writ

4

of Habeas Corpus ad Prosequendum for the purposes of facing his federal charges. He was then sentenced in the Western District of Pennsylvania on March 14, 2019. Even though petitioner contends that he is entitled to credit towards his federal sentence for the period from being transferred into federal custody until his federal sentence began, this time cannot be credited toward his federal sentence because petitioner was already serving his state sentence and was receiving credit for that period.

### III. CONCLUSION

Aside from the arguments addressed herein, a *de novo* review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation [**Doc. 18**] is hereby **ORDERED ADOPTED** for the reasons more fully stated in the magistrate judge's report. Petitioner's objections [**Doc. 20**] are **OVERRULED**. The Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [**Doc. 14**] is **GRANTED** and the Petition [**Doc. 1**] is **DENIED and DISMISSED WITH PREJUDICE**. The pending Second Motion for Leave to Proceed *in forma pauperis* [**Doc. 18**] is **DENIED AS MOOT**.

This Court further **DIRECTS** the Clerk to enter judgment in favor of the respondent and to **STRIKE** this case from the active docket of this Court.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to any counsel of record and to mail a copy to the *pro se* petitioner.

**DATED:** March 28, 2024.

*/s/ John Preston Bailey*

**JOHN PRESTON BAILEY**
**UNITED STATES DISTRICT JUDGE**
